UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MICHAEL DISSER and SOHO SALOON, LLC,

        Plaintiffs,

v.

CITY OF TAMPA and GLORIA MOREDA,

        Defendants.
_____/

Case No. 8:13-cv-885-T-24-EAJ

## ORDER

This cause comes before the Court on Plaintiffs' Soho Saloon, LLC and Michael Disser motion to remand and for stay. [Doc. 11]. Defendants City of Tampa and Gloria Moreda oppose. [Doc. 13].[1] Also before the Court is Defendants' motion to dismiss [Doc. 4], which Plaintiffs oppose [Doc. 12]. Defendants filed a motion to take judicial notice, [Doc. 5], to which Plaintiffs did not file a response.

**I.  BACKGROUND**

Soho Saloon, LLC ("Saloon") and its registered agent, Michael Disser, bring this suit based on the denial of their application for a special use permit for an alcoholic beverages classification ("AB classification") by the City of Tampa ("City") and Gloria Moreda ("Moreda"), the City's zoning administrator. The Saloon is a bar or lounge located in an area known as the "SoHo District," which includes commercial establishments with AB classification permits allowing them to sell alcohol. [Doc. 2, ¶¶ 22, 35].

---

[1] Defendants' use of block quotes—one spanning nearly two pages [Doc. 13 at 2-5]—and lengthy footnotes in its 20-page response brief is excessive and sidesteps the Local Rules' page limitations.

In October 2012, Plaintiffs submitted a special use permit application under chapter 27 of the City's Code of Ordinances ("Code") to change the Saloon's AB classification from a "2-COP" classification, which allows beer and wine sales, to a "4-COP-X" classification, which would allow the additional sale of liquor. [*Id*., ¶¶ 13, 16, 23].

There are two classes of special use permits. The "S-1" class of permit is required for "certain temporary uses and occupancies or where specified uses or characteristics of use could have adverse effects on adjacent properties." Code § 27-127(b)(1). The "S-2" class of permit is required "where specified uses or occupancies involve matters deemed to be of citywide or area-wide importance." Code § 27.127(b)(2). Different procedural requirements and specific criteria govern these classes of permits.

Plaintiffs originally submitted an application for an S-1 class of permit. [Doc. 2, ¶ 16]. Plaintiffs allege that Joel Sousa ("Sousa"), from the City's Planning and Development Department, and Moreda both made representations indicating that Plaintiffs' S-1 application would be approved with minor changes. [*Id*., ¶¶ 25-28, Appx. 417-28]. However, their application was later switched to and evaluated under the S-2 permit procedures. [*Id*., ¶ 17]. Plaintiffs allege they were without a practical alternative but to go along with the City's switch, spending time and money to revise their application and proceed under the S-2 application standards.

In preparation for a public hearing on Plaintiffs' application, Sousa sent the City Council a report stating that Plaintiffs' permit application was inconsistent with the Code. [Doc. 1, Appx. 121-29]. The report listed several necessary waivers, including waivers to reduce the minimum 1,000 feet distance separation between the Saloon and other AB classification establishments as

2

well as residential units and a waiver to reduce the required number of parking spaces from 35 to 17.  [*Id*., Appx. 121].

The public hearing before the City Council on Plaintiffs' S-2 application was noticed and scheduled for January 24, 2013 ("first public hearing").  [*Id*., ¶ 30].  At the hearing, reports and testimony were presented, including residents' testimony about noise and parking concerns and a police officer's report and testimony about overburdened parking in the SoHo District.  Plaintiffs allege that the evidence presented at the hearing established that 17 other establishments with AB classifications, 10 of which could sell liquor, were within 1,000 feet of the Saloon.

At the end of the first public hearing, a City Council member moved to deny Plaintiffs' application; this motion did not pass.  [*Id*., ¶ 48].  Another City Council member then moved to approve Plaintiffs' application; this motion passed.  [*Id*. , ¶¶ 49-50; Doc. 1, Appx. 84].

The City Council conducted a second public hearing on February 7, 2013.  [*Id*., ¶¶ 49-50].  Plaintiffs allege the evidence presented at this hearing was the same evidence that was presented at the first public hearing, except for the addition of a police officer's report and testimony regarding alleged illegal activity occurring a few days prior at the Saloon.  [*Id*., ¶ 53]. Plaintiffs allege that, despite the City Attorney's advice that the City Council could not base its denial of the application on alleged illegal activity, the City Council discussed the police officer's report and testimony.  [*Id*., ¶¶ 55-64].

At the end of the second public hearing, the City Council member who had moved to deny Plaintiffs' application at the first public hearing again moved to deny the application for the same reasons.  [*Id*., ¶ 73].  This time, the motion to deny passed. [Doc. 1, Appx. 413-14].

Based on these allegations, Plaintiffs filed a petition for writ of mandamus, petition for writ of certiorari, and two-count complaint in state court.  [Doc. 2].  The mandamus petition

claims Plaintiffs have a clear legal right to the permit under the Code and requests the Court compel Defendants to issue the permit. Plaintiffs' certiorari petition contends the City's quasi-judicial decision denying Plaintiffs' permit application was discriminatory, arbitrary, and based on irrelevant evidence. Count I of the complaint alleges a claim under Section 86.011, Florida Statutes, and seeks damages and a declaratory judgment that the City's actions violated Plaintiffs' vested rights under Florida law. In count II, Plaintiffs allege a claim under 42 U.S.C. § 1983 that the City's denial of Plaintiffs' application violated their equal protection and substantive due process rights under the United States Constitution. Plaintiffs seek damages and attorneys' fees.

Defendants removed this case to federal court, contending Plaintiffs' Section 1983 claim gives this Court federal question jurisdiction under 28 U.S.C. § 1331. [Doc. 1]. Defendants then filed a motion to dismiss and a motion for the Court to take judicial notice of DVDs of the City Council hearings. [Docs. 4, 6]. Plaintiffs filed a motion to remand and for stay, requesting the Court decline to exercise its supplemental jurisdiction over their state law claims and abstain from determining their Section 1983 claim. [Doc. 11].

## II.   MOTION FOR REMAND AND STAY

### A.   Standard of Review

The Court has "supplemental jurisdiction over all claims that . . . form part of the same case or controversy." 28 U.S.C. § 1367(a). The Court may decline supplemental jurisdiction if: (1) the claim raises a novel or complex issue of state law; (2) the claim substantially predominates over the claims over which the district court has original jurisdiction; (3) the Court has dismissed all claims over which it has original jurisdiction; or (4) in exceptional circumstances. 28 U.S.C. § 1367(c); *Palmer v. Hosp. Auth. of Randolph County,* 22 F.3d 1559,

1569 (11th Cir. 1994). In determining whether to exercise its discretion to decline jurisdiction, the Court should consider factors such as "judicial economy, convenience, fairness to the parties, and whether all the claims would be expected to be tried together." *Id.*

### B. Discussion

At the outset, the Court has supplemental jurisdiction under 28 U.S.C. § 1367(a) over Plaintiffs' state law claims, because their state and federal claims stem from the same case and controversy—Defendants' denial of Plaintiffs' special use permit application. Plaintiffs make a number of arguments as to why the Court should decline to exercise its supplemental jurisdiction over their state claims.

Plaintiffs first contend the Court would not be able to grant the relief requested in Plaintiffs' mandamus petition because, under *Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89 (1984), the Court is without jurisdiction to compel a state officer to act in accordance with state law. In *Pennhurst*, the United States Supreme Court held that the Eleventh Amendment bars a federal court from exercising jurisdiction—including pendant jurisdiction—over state law claims against states and state officials. *Id*. at 121. However, as *Pennhurst* notes, the Eleventh Amendment does not apply to municipal corporations. *Id*. at 123 n. 34; *see also Tuveson v. Fla. Governor's Council on Indian Affairs, Inc.*, 734 F.2d 730, 732 (11th Cir. 1984) ("Eleventh Amendment immunity does not extend to independent political entities, such as counties or municipalities."); *Hufford v. Rodgers*, 912 F.2d 1338, 1342 (11th Cir. 1990) (holding Eleventh Amendment does not bar suit against county official); *Cooper v. Dillon*, 403 F.3d 1208, 1221, n.8 (11th Cir. 2005). Because the City is a municipal corporation, the Eleventh Amendment does not bar the Court from exercising its supplemental jurisdiction over Plaintiffs' mandamus petition to compel Defendants to act according to state law.

Plaintiffs also contend the Court should decline supplemental jurisdiction because three Section 1367(c) factors exist: (1) their state law claims raise a novel or complex issue of state law, (2) their state law claims substantially predominate over their federal claim, and (3) there are exceptional and compelling reasons for declining jurisdiction.

First, Plaintiffs contend their state law claims raise novel or complex issues of state law because the Court must closely review the record of the City Council proceedings and apply state law to determine whether they are entitled to certiorari, mandamus, and declaratory relief. [*Id*. at 4-8]. Although the claims are governed by state law, they do not appear to present novel or complex state law issues. Nor is the Court incapable of reviewing the record of the City Council proceedings. Therefore, this factor does not weigh in favor of the Court declining to exercise its jurisdiction.

Second, Plaintiffs contend their state law claims substantially predominate over their Section 1983 claim. Citing to *TMTB I, LLC v. City of Manchester, Missouri*, 2007 WL 3146562 (E.D. Mo. Oct. 25, 2007), Plaintiffs contend the following factors show substantial predominance of their state law claims: this dispute centers on local decisions on land use issues; state courts have experience with reviewing these decisions; and Plaintiffs' Section 1983 claim does not allege discrimination based on race or other protected category.

However, Plaintiffs fail to explain how those factors weigh in favor of finding their state claims substantially predominate. While similar factors were identified in *TMTB*, the court found that those factors supported the interests of "judicial economy, convenience, and fairness to litigant"—which falls within the scope of exceptional or compelling reasons under Section 1367(c)(4), not substantial predominance under Section 1367(c)(2). *See* 2007 WL 3146562, at *3 ("There are practical reasons to remand . . . . the state court is in a much better position to

6

decide the issues, and it will probably do so more quickly than this court could . . . . Thus, the interests of 'judicial economy, convenience, and fairness to litigants' . . . will be promoted by remand."). Plaintiffs also rely on *Fox v. Carter*, which found that the state law claims substantially predominated after the federal claim that formed the sole basis of removal was dismissed. 2012 WL 589563, at *8 (D.N.J. Feb. 22, 2012). However, this case does not apply here because Plaintiffs' Section 1983 claim has not been dismissed.

"A federal court will find substantial predominance when it appears that a state claim constitutes the real body of a case, to which the federal claim is only an appendage." *Parker v. Scrap Metal Processors, Inc.*, 468 F.3d 733, 744 (11th Cir. 2006) (citation omitted). Here, Plaintiffs' claims for certiorari and declaratory relief are based in part on facts and issues that underlie their Section 1983 claim. Although their state law claims may raise more issues, the Section 1983 claim is more than a mere appendage. *See Gordon v. Beary*, 2008 WL 3258496, at *4 (M.D. Fla. Aug. 6, 2008) (finding state law claims did not predominate where the theories set forth in the Section 1983 claim "also underpin two . . . state law claims"). Therefore, the Court does not find that substantial predominance of state law claims weighs in favor of declining to exercise its jurisdiction.

Third, Plaintiffs contend exceptional circumstances exist that should cause the Court to decline jurisdiction over their state claims. Plaintiffs assert these circumstances include that state courts are more experienced with procedures surrounding state law writs regarding local issues, and it would be unfair for their state law claims to be thrust into a federal forum that would likely result in additional time and expense for the litigants. However, it is the Plaintiffs that invoked the possibility of a federal forum by asserting a claim under Section 1983. Nor is there reason to believe that litigating in federal court in Tampa is somehow inconvenient to either party.

7

Further, the claims asserted in this case can reasonably be expected to be resolved at one time and in one court. Remand of the state law claims would require duplication of judicial efforts.

Finally, the Court need not abstain from exercising jurisdiction over the state law claims under the doctrine established in *Burford v. Sun Oil Company*, 319 U.S. 315 (1943). *Burford* abstention is only appropriate when "exercise of federal review of the question in a case and in similar cases would be disruptive of state efforts to establish a coherent policy with respect to a matter of substantial public concern." *Rindley v. Gallagher,* 929 F.2d 1552, 1556 (11th Cir. 1991) (citations omitted). That is not the case here.

Accordingly, for the reasons stated above, the Court denies Plaintiffs' motion to remand and motion for stay.

## III.   MOTION TO DISMISS

### A.   Standard of Review

In deciding a motion to dismiss for failure to state a claim, the Court must view the complaint in the light most favorable to the plaintiff. *See Murphy v. Federal Deposit Ins. Corp.*, 208 F.3d 959, 962 (11th Cir. 2000) (citing *Kirby v. Siegelman*, 195 F.3d 1285, 1289 (11th Cir. 1999)). The Federal Rules of Civil Procedure do not require a claimant to set out in detail the facts upon which the claim is based. Instead, Rule 8(a)(2) requires a short and plain statement of the claim showing that the pleader is entitled to relief in order to give the defendant fair notice of what the claim is and the grounds upon which it rests. *See Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964 (2007) (citation omitted). A plaintiff is required to allege "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 1965 (citation omitted).

While the Court must assume that all of the allegations in the complaint are true, dismissal is appropriate if the allegations do not "raise [the plaintiff's] right to relief above the speculative level." *Id.* (citation omitted). The standard on a Rule 12(b)(6) motion is not whether the plaintiff's theories will ultimately prevail, but whether the allegations are sufficient to allow the plaintiff to conduct discovery in an attempt to prove them. *See Jackam v. Hosp. Corp. of Am. Mideast, Ltd.*, 800 F.2d 1577, 1579 (11th Cir. 1986).

### B. Petition for Writ of Certiorari

In their petition, Plaintiffs seek certiorari review of the City's quasi-judicial decision denying their special use permit application. Plaintiffs allege that the City departed from the essential requirements of law and lacked competent substantial evidence to support its denial of the permit application.

Defendants contend the petition should be dismissed with prejudice, because the record reflects that Plaintiffs cannot prevail in establishing that the City's decision departed from the essential requirements of law or that its denial lacked competent substantial evidence. Plaintiffs respond that their petition sufficiently alleges a basis for certiorari relief and Defendants' motion to dismiss improperly argues the merits of the certiorari petition.

In its review of the City's quasi-judicial decision, the Court applies "first-tier" certiorari review under Florida law. *See Flava Works, Inc. v. City of Miami, FL*, 609 F. 3d 1233, 1236 (11th Cir. 2010). This requires reviewing the record of the proceedings to determine whether: (1) procedural due process was accorded, (2) the essential requirements of the law were observed, and (3) the denial was supported by competent substantial evidence. *Id.* (citing *City of Deerfield Beach v. Vaillant*, 419 So. 2d 624, 626 (Fla. 1982)).

The Court finds that Plaintiffs have sufficiently pled a petition for writ of certiorari to survive a motion to dismiss. Plaintiffs allege that the City's denial was based on pretextual reasons and on resident and police officer testimony that was prejudicial or irrelevant to the review criteria governing Plaintiffs' permit application. *See Conetta v. City of Sarasota*, 400 So. 2d 1051, 1053 (Fla. 2d DCA 1981) (finding that neighborhood residents' objections did not provide a sound basis for denying permit). Plaintiffs also allege that the City's denial treated Plaintiffs differently from other similarly situated establishments in the SoHo District.

Accordingly, the Court denies Defendants' motion to dismiss the petition for a writ of certiorari. However, the Court notes that Plaintiffs' request for an order that the "City may not impose an AB Classification on [them] other than the 4-COP-X Classification required" is improper. [Doc. 2, ¶ 42]. When a decision is quashed by certiorari, the Court cannot direct that any specific action be taken. *See Seminole County Bd. of County Comm'rs v. Eden Park Vill., Inc.*, 699 So. 2d 334, 335 (Fla. 5th DCA 1997).

### C. Petition for Writ of Mandamus

Plaintiffs seek a mandamus order requiring the City to adopt an ordinance granting Plaintiffs' special use permit application and instructing the zoning administrator to issue the permit. Plaintiffs allege that the City Council approved their application at the end of the first public hearing and, under the Code, Plaintiffs have a clear legal right to be issued the permit.

Defendants argue that Plaintiffs' petition for writ of mandamus must be dismissed because it would require the Court to review the City's quasi-judicial determination and the proper mechanism to review a quasi-judicial proceeding is by way of a petition for writ of certiorari. However, certiorari review is limited to determining whether procedural due process was provided, the essential requirements of law were observed, and competent substantial

evidence supported the City's decision to deny Plaintiffs' permit application. Those certiorari matters are not challenged in Plaintiffs' petition for mandamus relief. Instead, Plaintiffs' petition contends Defendants have a ministerial duty under the Code to issue the permit; this matter is properly considered on mandamus. *Town of Manalapan v. Rechler*, 674 So. 2d 789, 790 (Fla. 4th DCA 1996) (mandamus is used to compel performance of ministerial duties, meaning "there is no room for the exercise of discretion, and the performance being required is directed by law."). The Court therefore disagrees that certiorari, rather than mandamus, relief is the proper relief.

Defendants also argue that Plaintiffs cannot satisfy the requirements for mandamus relief because the complaint does not allege sufficient facts to show that Plaintiffs have a clear legal right to the relief requested, and that Defendants have an indisputable legal duty to perform the relief requested. Defendants assert that Section 166.041, Florida Statutes, requires two public readings of a proposed ordinance—on separate days—before an ordinance can be adopted. *See* § 166.041(3)(a), Fla. Stat.[2] Defendants contend the mandamus petition does not allege that this statutory requirement was met at the end of the first public hearing and therefore Defendants have no indisputable legal duty to adopt an ordinance granting Plaintiffs' application at the end of that first public hearing.

The Court agrees with Defendants. Plaintiffs' petition alleges that the City Council must conduct two public readings of the proposed ordinance granting an S-2 permit, [Doc. 2, ¶ 91], but fails to allege that a second reading occurred at the end of the first public hearing. Nor could they allege this; the petition's exhibits state that the first reading occurred at the first public hearing and the second reading occurred at the second public hearing. [Doc. 1, Appx. 137-38, 413-14]. Thus, even accepting all allegations in the complaint as true, Plaintiffs' allegations do

---

[2] Sections 27-127(b)(2) and 27-149(b) of the Code require compliance with Section 166.041.

not and cannot show that they had a clear legal right to compel the City to approve their permit application immediately after the first public hearing.

Accordingly, the Court grants Defendants' motion to dismiss Plaintiffs' petition for writ of mandamus with prejudice.

### D. Count I: Claim for Declaratory Judgment and Supplemental Relief

In count I, Plaintiffs allege they acquired a vested right to have the City consider their permit application under S-1 procedures. [Doc. 2, ¶ 142]. This vested right was created because Plaintiffs originally submitted an S-1 permit application in good faith reliance on the manner in which the City evaluated similarly situated applicants and on Moreda's and Sousa's representations. [*Id*.]. Count I also alleges that the City's denial "was deliberately discriminatory and carried out in bad faith" and Plaintiffs "acquired a vested right to have the City approve [their] S-2 version" of the permit application. [*Id*., ¶ 144]. Plaintiffs request the Court declare that their vested rights were violated when Defendants switched Plaintiffs' S-1 application to an S-2 application and denied their permit application without justification. [*Id*., ¶ 154(a)]. They also request supplemental monetary relief. [*Id*., ¶ 154(b)].

#### 1. Method of Review

Defendants argue that count I requires the Court to review the City's quasi-judicial decision to deny Plaintiffs' application, and any review must be sought by a petition for writ of certiorari. In response, Plaintiffs do not dispute that the City's denial of their permit is a quasi-judicial decision; nor do they dispute that quasi-judicial decisions are reviewed by way of certiorari. Plaintiffs contend, however, that certiorari would be improper because count I does not request a review of the quasi-judicial proceedings; rather, it seeks declaratory relief based on their "vested rights" under Florida law, created by conditions of equitable estoppel and bad faith.

The Court finds that count I is not subject to certiorari review. Count I does not challenge matters that must be reviewed by certiorari—*i.e.,* procedural due process, the essential requirements of law, and competent substantial evidence. *See Palazzo Las Olas Group LLC v. City of Fort Lauderdale,* 966 So. 2d 497, 502 (Fla. 4th DCA 2007) ("[w]hile any direct challenge seeking to overturn the Commission's decision denying site plan approval had to be sought via the filing of a petition for writ of certiorari, this did not preclude Palazzo from bringing a civil suit, wherein it sought relief on matters beyond those appropriately addressed during the certiorari proceeding."). Rather, count I alleges Defendants' actions gave rise to Plaintiffs' vested right under equitable estoppel and bad faith—matters that are outside the scope of certiorari review and properly addressed in a declaratory judgment claim. *Id.* at 501 (whether the city, based on its actions, was equitably estopped from denying plan approval was an issue that certiorari could not address; the court erred in dismissing the declaratory judgment claim).

Further, certiorari review is limited to the record of the quasi-judicial proceeding; the Court does not sit as a trial court to consider new evidence or make additional findings. *See Dade County v. Marca, S.A.,* 326 So. 2d 183, 184 (Fla. 1976); *Vichich v. Dep't of Highway Safety and Motor Vehicles*, 799 So. 2d 1069, 1073-74 (Fla. 2d DCA 2001). Count I includes allegations regarding Defendants' conduct and representations that occurred outside of the quasi-judicial proceedings. This requires the Court to review evidence beyond the record of proceedings conducted before the City Council, which would be improper on certiorari.

Although count I includes allegations relating to the City's quasi-judicial denial, they appear to be a part of Plaintiffs' claim for declaratory relief that it acquired vested rights under Florida law due to equitable estoppel and bad faith. *See Coral Springs Street Sys. v. City of Sunrise*, 371 F.3d 1320, 1334-38 (11th Cir. 2004) (applying Florida law) (vested rights are

created under conditions of equitable estoppel or bad faith conduct). Defendants did not challenge whether those allegations sufficiently state a vested rights claim based on equitable estoppel or bad faith; count I therefore will not be dismissed as insufficiently pled.

### 2.      **Money Damages**

However, the Court finds that Plaintiffs are barred from seeking "supplemental relief in the form of money damages" under Section 86.061, Florida Statutes, to compensate for losses "caused by City's unlawful conduct." [Doc. 2, ¶ 154]. Based on clear Florida precedent, the City's alleged unlawful conduct—*i.e.,* its refusal to evaluate and grant the S-1 permit application and its denial of the S-2 permit application—falls squarely within the scope of governmental functions that are immune from money damages.

Defendants argue that count I's claim for damages should be dismissed because the City cannot be liable for damages for refusing to issue Plaintiffs' permit. As support, Defendants cite to cases explaining that the doctrine of sovereign immunity bars the recovery of damages against a municipality for purely governmental functions, which includes any conduct or functions relating to the issuance of permits. In *Akin v. City of Miami,* the Florida Supreme Court held that sovereign immunity barred the plaintiff—who had obtained a declaratory judgment that the city unlawfully and arbitrarily denied the plaintiff's permit—from seeking damages in supplemental proceedings. 65 So. 2d 54, 55 (Fla. 1953).

In response, Plaintiffs imply that *Akin* is inapplicable because it predates the declaratory judgment statute by which Plaintiffs seek relief. This argument lacks merit. The *Akin* plaintiff sought damages through the supplemental relief provision under Section 87.07, which was renumbered to and is substantively the same as Section 86.061, the supplemental relief provision at issue here. Both provide that: "Further relief based on a declaratory decree, judgment or order

14

may be granted whenever necessary or proper. The application therefor shall be by petition to the circuit court having jurisdiction to grant the relief." § 86.061, Fla. Stat.; *Lasseter v. Blalock*, 139 So. 2d 726, 729 (Fla. 1st DCA 1962) (quoting § 87.07, Fla. Stat.). Moreover, *Akin* is followed by precedent uniformly holding that a municipality cannot be liable for damages for any conduct or function relating to the issuance of a permit. *See, e.g., City of Cape Coral v. Landahl, Brown & Weed Associates, Inc.*, 470 So. 2d 25, 27 (Fla. 2d DCA 1985) ("there is no cause of action for the manner in which a municipality exercises its governmental function of issuing or refusing to issue permits" and "[t]hus, those actions of a municipality are immune from an action for damages") (citing *Trianon Park Condo. Assoc., Inc. v. City of Hialeah,* 468 So. 2d 912 (Fla. 1985)); *City of Live Oak v. Arnold,* 468 So. 2d 410, 412 (Fla. 1st DCA 1985) (holding that the city's actions in denying a permit based on its reading of its code of ordinances were immune from damages); *Paedae v. Escambia County*, 709 So. 2d 575, 578 (Fla. 1st DCA 1998).

  Plaintiffs' remaining arguments do not support a finding that money damages are available in this case. Plaintiffs' reliance on *Depaola v. Town of Davie* is not well founded because *Depaola* did not involve a claim for damages based on a governmental function, such as permitting. 872 So. 2d 377, 381 (Fla. 4th DCA 2004). Further, Plaintiffs' contention that *Paedae* actually supports their damages claim is inexplicable, given *Paedae*'s holding that, despite obtaining declaratory and injunctive relief for the city's unlawful refusal to issue the plaintiff's permit, the plaintiff had no cause of action for damages under Florida law. 709 So. 2d at 576-78.

  Accordingly, the Court grants Defendants' motion to dismiss Plaintiffs' count I's claim for supplemental relief in the form of money damages.

E.      Count II: Claim Under 42 U.S.C. § 1983

Plaintiffs' Section 1983 claim alleges that the City's denial of Plaintiffs' application violated their equal protection and substantive due process rights under the Fourteenth Amendment. [Doc. 2, ¶ 170]. Plaintiffs seek damages and attorneys' fees. [*Id.*, ¶¶ 159, 170].

1.      **Substantive Due Process**

Plaintiffs allege that the City arbitrarily and capriciously denied Plaintiffs' special use permit, a property right created by state law and local ordinances. However, "non-legislative deprivations of state-created rights, which would include land-use rights, cannot support a substantive due process claim, not even if the plaintiff alleges that the government acted arbitrarily and irrationally." *See Greenbriar Vill., L.L.C. v. Mountain Brook, City*, 345 F.3d 1258, 1264 (11th Cir. 2003) (citing *McKinney v. Pate,* 20 F.3d 1550, 1559 (11th Cir. 1994)).[3] This is because substantive due process only protects against deprivations of fundamental rights, which are rights created by the Constitution. *Id.* at 1262. Plaintiffs' substantive due process claim therefore fails under clear Eleventh Circuit precedent.

Accordingly, the Court grants Defendants' motion to dismiss in that Count II's substantive due process claim is dismissed with prejudice.

2.      **"Class of One" Equal Protection**

Plaintiffs also allege a "class of one" equal protection claim, which requires a showing that Plaintiffs have been "intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment." *Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000). Defendants argue that this claim must be dismissed because Plaintiffs

---

[3] Although Plaintiffs cite cases to support their contention that they have a viable substantive due process claim, those cited cases pre-date *McKinney*.

cannot prove that they were treated differently than similarly situated establishments or that the City Council lacked any rational basis for their decision.

The Court finds that Plaintiffs have sufficiently alleged the necessary elements of a "class of one" equal protection claim against Defendants to survive a motion to dismiss. A valid comparator must be similarly situated with respect to all factors that an objectively reasonable governmental decision maker would have found relevant in making the challenged decision. *See Griffin Indus., Inc. v. Irvin*, 496 F.3d 1189, 1203 (11th Cir. 2007). Count II identifies other similar establishments located in the SoHo District that received the same waivers sought by Plaintiffs (such as waivers of the requirement regarding distance from other AB Classification establishments, distance from residences, and number of parking spaces) and were approved for the special use permit sought by Plaintiffs. Further, Plaintiffs sufficiently allege that the difference in treatment was wholly irrational and arbitrary.

Accordingly, the Court denies Defendants' motion to dismiss in that Count II's "class of one" equal protection claim is not dismissed.

## IV. CONCLUSION

Upon consideration, it is hereby ORDERED AND ADJUDGED that:

A. Plaintiffs' Motion to Remand [Doc. 11] is **DENIED**.

B. Defendants' Motion to Dismiss [Doc. 4] is **GRANTED IN PART AND DENIED IN PART** as follows:

1. Defendants' motion to dismiss the petition for writ of mandamus is **GRANTED**. The petition for writ of mandamus is dismissed with prejudice.

2. Defendants' motion to dismiss the petition for writ of certiorari is **DENIED**.

3. Defendants' motion to dismiss Count I for declaratory and supplemental relief is **GRANTED IN PART AND DENIED IN PART**.  Count I's claim for supplemental relief in the form of money damages is dismissed.

4. Defendants' motion to dismiss Count II under 42 U.S.C. § 1983 is **GRANTED IN PART AND DENIED IN PART**.  Count II's substantive due process claim is dismissed with prejudice.

C. Defendants' Motion to File DVDs For Consideration Upon the Motion to Dismiss [Doc. 6] is **DENIED** as moot.

**DONE AND ORDERED** in Tampa, Florida, this 31st day of July, 2013.

*Susan C. Bucklew*
SUSAN C. BUCKLEW
United States District Judge

Copies to: Counsel of Record